UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*:

| | |
|---|---|
| MARK VALLAS | : |
| | : CIVIL ACTION NO. 3:22-CV-00937 |
| V. | : |
| | : |
| WALMART INC. | : JULY 26, 2021 |
| | : |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

The named defendant, Walmart Inc. ("Defendant" or "Walmart"), by and through their undersigned counsel, and pursuant to 28 U.S.C.A. § 1332(a) and § 1441, hereby remove this action from the Superior Court, Judicial District of New Haven, in the State of Connecticut, to the United States District Court for the District of Connecticut and in support of which states as follows:

1. The plaintiff, Mark Vallas ("Plaintiff"), commenced an action by service of process on or about June 28, 2022 against the Defendant in the Superior Court for the State of Connecticut entitled, *Mark Vallas v. Walmart Inc.*, Docket No. NNH-CV22-6125139-S, and returnable to the Judicial District of New Haven at New Haven. A copy of the referenced Summons, Complaint, and Return of Service are attached hereto as **Exhibit A**.

2. This Notice of Removal is timely and filed with this Court within thirty (30) days after receipt by Defendant of the initial pleadings setting forth the claims for relief upon which this action is based. The Defendant was served on or around June 28, 2022.

3. In their Complaint, the Plaintiff alleges a negligence action against the Defendant and seek unspecified damages. The Plaintiff, Mark Vallas, however, alleges that he sustained injuries in

a fall that was "a direct and proximate result of the negligence and carelessness of the defendant, through one or more of its agents, servants or employees, in one or more of the following ways, int that it/they: a. Knew or should have known of the discarded sanitizing wipes that caused the plaintiff to fall and failed to take reasonable measures to make the premises safe; b. Failed to timely and reasonably inspect the premises for defects including the discarded sanitizing wipes; c. Failed to place signage or other visible warnings to alert lawfully present persons, including the plaintiff, of the discarded sanitizing wipes; d. Failed to verbally warn the plaintiff and other lawfully present persons of the presence of the discarded sanitizing wipes; e. Failed to block off or barricade that portion of the premises that contained the discarded sanitizing wipes; f. Created the defect by providing all shoppers with the sanitizing wipes and failed to provide trash receptacles for those ready to be discarded; g. Failed to timely or sufficiently remove the discarded sanitizing wipes." See Exhibit A, Complaint, at ¶ 4. The Plaintiff further claims he has been "suffered the following serious and painful personal injuries, some or all of which may be permanent in nature: a. Right knee fracture; b. Lumbar spine injury; c. Associated physical pain and suffering." Id. at ¶ 5. The Plaintiff alleges that he has "suffered mental anguish, frustration and anxiety over the fact that he was and remains injured." Id. at ¶ 6. The Plaintiff further alleges that he "has incurred, and will continue to incur in the future expenses for medical care and treatment, including medication, x-rays, diagnostic testing, surgery and therapy, all of which has caused her [sic] and will continue to cause her [sic] financial loss and damage." Id. at ¶ 7. The Plaintiff further alleges that he "was forced to miss work and has been limited in her [sic] ability to engage in her [sic] usual occupation as she [sic] had prior thereto and may be so limited in the future." Id. at ¶ 8. The Plaintiff further alleges he has "suffered and will continue to suffer in the future from a decrease in his capacity to engage in and enjoy life's activities

ROGIN NASSAU LLC • ATTORNEYS AT LAW
CITYPLACE I • HARTFORD, CONNECTICUT 06103-3460 • (860) 256-6300 • JURIS NO. 050793

as he was able to do prior to the aforementioned fall and resulting injuries." Id. at ¶ 9. Based on Plaintiff's allegations and Defendants' investigation to date, the damages claimed exceed $75,000.00.

4. According to the Summons, the Plaintiffs reside in West Haven, Connecticut. Defendant, Walmart Inc. is a Delaware Corporation with a principal place of business in Bentonville, Arkansas. There is complete diversity of citizenship between the Plaintiff and the Defendant.

5. The above-entitled action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and thus may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. § 1441.

6. This action is removable pursuant to the provisions of 28 U.S.C. § 1441 because this is a civil action wherein the amount in controversy exceeds the sum of or the value of $75,000.00 exclusive of interest and costs, and Plaintiff and Defendant are citizens of different states.

Dated this 26th day of July 2022.

THE DEFENDANT
WALMART INC.

By: /s/ George C. Springer, Jr.
George C. Springer, Jr. [ct03263]
Rogin Nassau LLC
185 Asylum Street, 22nd Floor
Hartford, CT 06103-3460
Tel: (860) 256-6380
Fax: (860) 278-2179
E-mail: gspringer@roginlaw.com

ROGIN NASSAU LLC • ATTORNEYS AT LAW
CITYPLACE I • HARTFORD, CONNECTICUT 06103-3460 • (860) 256-6300 • JURIS NO. 050793

## CERTIFICATION

This is to certify that a copy of the foregoing was served electronically this 26th day of July 2022 and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail at the addresses shown below to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

RJ Weber, Esq.
Weber & Rubano LLC
401 Center Street
Wallingford, CT 06492

rjweber@rjwlawyer.com
weberlaw@rjwlawyer.com

/s/ George C. Springer, Jr.
George C. Springer, Jr. [ct03263]

- 4 -

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 1-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

**Instructions are on page 2.**

| | For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>www.jud.ct.gov  |

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [x] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code)<br>235 Church Street, New Haven, CT 06510 | Telephone number of clerk<br>( 203 ) 503 – 6800 | Return Date (Must be a Tuesday)<br>08/02/2022 |
|---|---|---|
| [x] Judicial District    G.A.<br>[ ] Housing Session   [ ] Number: | At (City/Town)<br>New Haven | Case type code (See list on page 2)<br>Major: T    Minor: 03 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code)<br>Weber & Rubano LLC 401 Center Street, Wallingford, CT 06492 | Juris number (if attorney or law firm)<br>432211 |
|---|---|
| Telephone number<br>( 203 ) 626 – 9172 | Signature of plaintiff (if self-represented) |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. [x] Yes [ ] No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed)<br>rjweber@rjwlawyer.com |

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: Vallas, Mark<br>Address: 180 White St., West Haven, CT 06516 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: Walmart Inc. 702 SW 8th St., Bentonville, AR 72716<br>Address: c/o CT Corporation System, 67 Burnside Ave., East Hartford, CT 06108 | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | [ ] Form JD-CV-2 attached for additional parties |

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date<br>06/21/2022 | Signed (Sign and select proper box) | [x] Commissioner of Superior Court<br>[ ] Clerk | Name of person signing<br>R.J. Weber, III |
|---|---|---|---|

| If this summons is signed by a Clerk:<br>a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | For Court Use Only<br>File Date |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |

Page 1 of 2

| | | |
|---|---|---|
| RETURN DATE: AUGUST 8, 2022 | : | SUPERIOR COURT |
| MARK VALLAS | : | J.D. OF NEW HAVEN |
| V. | : | AT NEW HAVEN |
| WALMART INC. | : | JUNE 21, 2022 |

## COMPLAINT

1. The defendant, Walmart Inc. is and was at all relevant times a foreign limited partnership that is and was registered and authorized to conduct business in Connecticut.

2. At all relevant times, the defendant owned, possessed, operated, maintained and/or controlled a retail grocery store known as Wal-Mart located at 120 Commercial Parkway in Branford, Connecticut (hereinafter "the premises").

3. On or about July 7, 2020 between 6:30 and 8:30 p.m., the plaintiff, Mark Vallas, was a business invitee lawfully present on the premises and was walking with due and reasonable care in the area which contained the shopping carts when he was caused to slip and fall, suddenly and without warning, on discarded sanitizing wipes, as a result of which his body came into violent and forceful contact with the ground.

4. The aforementioned fall was a direct and proximate result of the negligence and carelessness of the defendant, through one or more of its agents, servants or employees, in one or more of the following ways, in that it/they:

    a. Knew or should have known of the discarded sanitizing wipes that caused the plaintiff to fall and failed to take reasonable measures to make the premises safe;

    b. Failed to timely and reasonably inspect the premises for defects including the discarded sanitizing wipes;

   c. Failed to place signage or other visible warnings to alert lawfully present persons, including the plaintiff, of the discarded sanitizing wipes;

   d. Failed to verbally warn the plaintiff and other lawfully present persons of the presence of the discarded sanitizing wipes;

   e. Failed to block off or barricade that portion of the premises that contained the discarded sanitizing wipes;

   f. Created the defect by providing all shoppers with the sanitizing wipes and failed to provide trash recepticals for those ready to be discarded;

   g. Failed to timely or sufficiently remove the discarded sanitizing wipes.

5. As a direct and proximate result of the aforementioned negligence and carelessness of the defendant, through one or more of its agents, servants or employees, the plaintiff suffered the following serious and painful personal injuries, some or all of which may be permanent in nature:

   a. Right knee fracture;

   b. Lumbar spine injury;

   c. Associated physical pain and suffering.

6. As a direct and proximate result of the aforementioned negligence and carelessness of the defendant, through one or more of its agents, servants or employees, the plaintiff has suffered mental anguish, frustration and anxiety over the fact that he was and remains injured.

7. As a direct and proximate result of the aforementioned negligence and carelessness of the defendant, through one or more of its agents, servants or employees, the plaintiff has incurred and will continue to incur in the future expenses for medical care and treatment,

including medication, x-rays, diagnostic testing, surgery and therapy, all of which has caused her and will continue to cause her financial loss and damage.

8. As a direct and proximate result of the aforementioned negligence and carelessness of the defendant, through one or more of its agents, servants or employees, the plaintiff was forced to miss work and has been limited in her ability to engage in her usual occupation as she had prior thereto and may be so limited in the future.

9. As a direct and proximate result of the aforementioned negligence and carelessness of the defendant, through one or more of its agents, servants or employees, the plaintiff has suffered and will continue to suffer in the future from a decrease in his capacity to engage in and enjoy life's activities as he was able to do prior to the aforementioned fall and resulting injuries.

WHEREFORE, the plaintiff claims:

1. Compensatory damages;

2. Such other relief the court deems appropriate.

                                THE PLAINTIFF,

By: _____
        R.J. WEBER, III, ESQ.
        **Weber & Rubano, LLC**
        401 Center Street
        Wallingford, CT 06492
        Phone: (203) 626-9172
        Fax: (203) 626-9175
        Juris No.: 432211

| | | |
|---|---|---|
| RETURN DATE: AUGUST 8, 2022 | : | SUPERIOR COURT |
| MARK VALLAS | : | J.D. OF NEW HAVEN |
| V. | : | AT NEW HAVEN |
| WALMART INC. | : | JUNE 21, 2022 |

## STATEMENT OF AMOUNT IN DEMAND

The plaintiff claims money damages in excess of $15,000.00.

THE PLAINTIFF,

By: _____
R.J. WEBER, III, ESQ.
Weber & Rubano, LLC
401 Center Street
Wallingford, CT 06492
Phone: (203) 626-9172
Fax: (203) 626-9175
Juris No.: 432211